## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-20899-BLOOM/Otazo-Reyes

RIGOBERTO PEREZ,
and LIANA PEREZ,

       Plaintiffs,

v.

SCOTTSDALE INSURANCE
COMPANY,

       Defendant.

_____/

### ORDER ON MOTION FOR REMAND

**THIS CAUSE** is before the Court upon Plaintiffs Rigoberto Perez and Liana Perez's (together, "Plaintiffs") Motion to Remand, ECF No. [11], ("Motion"). Defendant Scottsdale Insurance Company filed a response, ECF No. [13], ("Response") to which Plaintiff filed a reply, ECF No. [16] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.     BACKGROUND

Plaintiffs initiated this case for insurance coverage against Defendant in the Eleventh Judicial Circuit in Miami-Dade County on September 9, 2020. *See* ECF No. [13-1] ("Complaint"). Defendant was served with the Complaint by the Florida Department of Financial Services on September 18, 2020. *See* ECF No. [1] ("Notice of Removal") ¶ 3. In response, Defendant filed a motion to dismiss or in the alternative for a more definite statement as the Complaint did not

specify a claim number, and cited the wrong policy number.[1] ECF No. [1-2] at 12-16 ("Motion to Dismiss"). The state court granted in part Defendant's Motion to Dismiss on November 20, 2020. *See* ECF No. [13-2] ("State Court Order"). Plaintiffs filed their Amended Complaint, ECF No. [13-3], on December 7, 2020. Although the Amended Complaint does not state an amount certain as to damages, it does cite the correct policy number (CPS3145365) and references a specific claim number (01951047) and date of loss of March 27, 2020. ECF No. [13-3] ¶¶ 7, 11, 15. Defendant filed its Answer and Affirmative Defenses to the Amended Complaint on December 29, 2020.

On January 1, 2021, Defendant propounded requests for admissions to Plaintiffs to which Plaintiffs replied on February 22, 2021, admitting that they are seeking damages in excess of $75,000.00 exclusive of interest and costs. ECF No. [1-3]. Defendant thereafter filed its Notice of Removal on March 5, 2021. In the Motion Plaintiff requests that the Court remand this case to state court, arguing that Defendant's removal was untimely.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by a defendant to the district court of the United States for the district and division embracing the place where such action is pending.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). A district court has subject matter jurisdiction where the parties are diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount

---

[1] The Complaint does not state an amount certain with respect to the damages sought by Plaintiffs. *See* ECF No. [13-1].

in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citation omitted).

Furthermore, the time limit for removal is set forth in 28 U.S.C. § 1446(b), which provides in relevant part:

> (3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

Answers to discovery requests—including responses to requests for admission and interrogatories—constitute "other paper" pursuant to the statute. *Lowery v. Ala Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (citing *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989) and *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)) (additional citations omitted). "The untimeliness of a removal is a procedural, instead of a jurisdictional, defect." *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997). However, "[t]his thirty-day time period is mandatory and may not be extended by the court." *Liebig v. DeJoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993); *see also Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1064 (S.D. Fla. 1995) ("The removal procedures are strictly construed because of this Court's limited removal jurisdiction."); *Harbor Commc'ns, LLC v. S. Light, LLC*, No. 14-00403-CB-B, 2015 WL

419854, at *2 (S.D. Ala. Feb. 2, 2015) ("Though not jurisdictional, the 30-day removal period is 'a strictly applied rule of procedure that may not be extended by the court.'") (quoting *BBC Apartments, Ltd. v. Browning*, 994 F. Supp. 1440, 1442 (S.D. Fla. 1997)). "[I]f defendant's motion for removal is untimely, such a defect in removal renders the action subject to remand." *BCC Apartments, Ltd.*, 994 F. Supp. at 1442.

Through this lens, the Court considers the Motion.

## III.   DISCUSSION

In the Motion, Plaintiff argues that this case should be remanded because Defendant's Notice of Removal was untimely as it was not filed within thirty days of the filing of the Amended Complaint. In response, Defendant contends that there was confusion with respect to which property damage claim Plaintiffs were referring to based primarily upon Plaintiffs' references to a "plumbing failure" or "supply line leak" in the Amended Complaint and Request for Admissions. Defendant contend that such references are consistent with an earlier 2018 claim, and the later 2020 claim, which both involve a drain line leak. Therefore, Defendant argues that the Notice of Removal was timely filed within thirty days of Plaintiffs' Responses to Scottsdale's First Request for Admission, in which Plaintiffs admit that they are seeking damages above the jurisdictional threshold of 28 U.S.C. § 1332. The Court disagrees.

First, the record reflects, and Defendant does not dispute, that it had a pre-suit estimate of damages in excess of $75,000.00 concerning a loss occurring on March 27, 2020, involving claim number 01951047. *See* ECF No. [11] at 13, 15. Second, notwithstanding Defendant's purported confusion with respect to *which* insurance claim Plaintiffs' claim in this case relates, Defendant acknowledges that its Motion to Dismiss was premised upon the fact that the Complaint cited the wrong insurance policy number and failed to specify a claim number. ECF No. [1] ¶ 4. Upon that

Case No. 21-cv-20899-BLOOM/Otazo-Reyes

basis, the State Court Order provided specifically that "Plaintiff shall be granted leave to amend the complaint to provide the correct policy number of CPS3145365 and the claim number of 01951047 for the date of loss of March 27, 2020." ECF No. [13-2]. The Amended Complaint contains the correct policy number, specific claim number, and date of loss pursuant to the State Court Order. As such, Defendant's professed confusion is unconvincing, and in order to be timely, the Notice of Removal in this case should have been filed within thirty days of the filing of the Amended Complaint, not within thirty days after Plaintiffs' responses to Defendant's later Request for Admissions.

Even if the Court were to credit Defendant's argument, the record would still support the conclusion that removal of this case was untimely. Notably, Defendant provides no explanation for the delay of almost a month between the filing of the Amended Complaint and Defendant's seeking admissions from Plaintiffs regarding the amount in controversy. Defendant may not rely upon its own delay to justify removal, especially where it was admittedly on notice of a pre-suit estimate of damages in excess of the applicable jurisdictional threshold and regarding the specific claim number and date of loss referred to in the Amended Complaint.[2]

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [11]**, is **GRANTED**. This case is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings. Any pending motions are **DENIED AS MOOT** and all pending deadlines are **TERMINATED**. The Clerk is **DIRECTED TO CLOSE** this case.

---

[2] Defendant points out that Plaintiffs failed to confer pursuant to Local Rule 7.1(a)(3) prior to filing the Motion. However, Defendant stops short of arguing that the Court should deny the Motion on this basis, and, based upon the Response, it is apparent that Defendant does not agree with the relief sought by Plaintiffs in any event. As such, while the Court acknowledges that the failure to confer is a basis in and of itself for denying the Motion, Plaintiffs' failure has not otherwise resulted in any prejudice to Defendant.

Case No. 21-cv-20899-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers in Miami, Florida, on May 4, 2021.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record